Catron, Ch. J.
delivered the opinion of the court.
The defendant, Caperton, did not by his directions to the justice, stay the judgment. Hickman vs. Williams, M. & Y. Rep. Execution might have issued forthwith. This is admitted, and the undertaking is proceeded upon as a binding contract on the part of Caperton, with Gray, *564 Pay dekt °P Webb. It is insisted for Gray,'-that the statute of frauds' can have no operation, because the undertaking of Caperton was original in its character;- a promise- to pay Webb’s debt, if Gray would give time: and of this opinion seems to have been the circuit court.
Did Caperton undertake, “for the debt, default, or miscarriage of another,” within the meaning of the act of 1801, ch. 25? .To whom was the credit given? To Webb. Caperton never received any consideration from Gray. Bul. N.P. 281-2. The case then rests on the giving of time as the consideration of the promise. Gray was not bound to give time upon any promise made by Caperton, and the fact of his having done so, influenced Capérton’s conduct, does not take the case out of the statute. To render Caperton liable, a written promise to pay the debt of Webb, was necessary. The request to give time or the like, and the collateral undertaker will pay, is refining the statute into no meaning: immaterial circumstances make-no difference. The general rule is, that if the debtor continue bound, the collateral promise is void unless written. So are the English authorities. In Fish vs. Hutchinson, (2 Wils. 94,) F. promised H. that if he would indulge Veikars, sued by H., F. would pay the debt. Held to be void. So in King vs. Wilson, (2 Sty. 872,) heldj'that a parol promise to pay the debt of another, in consideration of forbearance, was void by the statute of frauds and perjuries.
In Rothing and Currey, (Bull. N. P. 281,) defendant, in consideration that the plaintiff would not sue A. B., promised to pay plaintiff the money due, viz. £4, in a week. This was holden to be within the statute of frauds— for no consideration laid, the plaintiff had promised not to sue, and if he had, A. B. could in no sort have availed himself of this agreement, but the debt is still subsisting, and consequently the promise collateral.
It is difficult to say Caperton did, by parol, promise to pay to Gray the debt of Webb. He had no inter *565 course with Gray, but said to the justice he would stay the execution. Be this as it may, the promise was clearly within the statute, and void. Judgment that defendant go hence, &C.
Judgment reversed.